UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SEELIG,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CENTRAL INTELLIGENCE AGENCY, et al.,<br><br>　　　　Defendants. | Case No. 25-cv-06592-TSH<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**REPORT & RECOMMENDATION** |

## I.　INTRODUCTION

Plaintiff Christopher Seelig initiated this lawsuit by filing a complaint (ECF No. 1) and application to proceed in forma pauperis (ECF No. 2). For the reasons stated below, the Court **GRANTS** the application but finds the complaint fails to state a claim on which relief may be granted under 28 U.S.C. § 1915(e). As not all parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c), the Court requests this case be reassigned to a district judge for disposition. The undersigned **RECOMMENDS** the complaint be **DISMISSED WITHOUT LEAVE TO AMEND**.

## II.　BACKGROUND

Plaintiff brings this case against the CIA, US Army Intelligence and Security, Alameda Police Department, and FBI,[1] alleging claims under criminal code sections 18 U.S.C. § 371 (Conspiracy to commit offense or to defraud United States), 18 U.S.C. §1347 (Health care fraud), 18 U.S.C. § 1510 (Obstruction of criminal investigations); 18 U.S.C. § 1513 (Retaliating against a

---

[1] Although Plaintiff lists the FBI as a defendant, he says in his complaint that he has "decided not to name [it] in this suit." Compl. at 5, 12.

witness, victim, or an informant), 18 U.S.C. § 1957 (Engaging in monetary transactions in property derived from specified unlawful activity), 18 U.S.C. § 1961(1) (defining racketeering activity), 18 U.S.C. § 2332a (Use of weapons of mass destruction), 18 U.S.C. § 2331(5) (defining domestic terrorism activities), 18 U.S.C. § 4101 (providing definitions for transfer of prisoners to or from foreign countries), and 21 U.S.C. § 84l (drug offenses). Compl. at 3. He alleges Defendants "owe the plaintiff l3 Million dollars cumulatively for engaging in a pattern of corrupt and dangerous activity regarding the plaintiff's life. Murder for hire plot, conspiracy to commit offenses, RICO Act violations, poisoning and many more insidious acts." *Id.* at 4. These events took place in "San Diego CA, San Francisco CA, Oakland CA, London United Kingdom, Istanbul Turkey, Toledo OH, Alameda, CA." *Id.* at 4.

Plaintiff alleges:

> Taenia Solium infection via Taco Bell food poisoned by federal officials likely through bribes at the drive through, December 24, 2024 Onchocerciasis infecting fly bite. On or about May 22, 2025 Second strategically placed set of African Similium Black flies resulting in bites which transmitted deadly pathogens including Schistosomiasis and Nacgcria Fowleri Cysts and Trophozoites, On or about May 18, 2025 Istanbul TurkeyOn [sic] or about June 6th, 2025 after having somewhat recovered from the first infections, the plaintiff experienced additional black fly bites containing deadly pathogens of a different type (lymphatic filariasis, Plasmodium Falciparum, Plasmodium Vivax, and either Trypanosoma Brucei or Trypansoma Cruzi. This has been confirmed with my own personal digital microscope which I will provide evidence tor. (Hospitals refused to treat me due to corruption and federal agent manipulation.)

*Id.* at 5. He further alleges:

> At the end of September 2024 the plaintiff began to experience vicious gangstalking, harassment, slander, smear campaigns, and manipulation of employment. Plaintiff believes at this time that he was erroneously added to a watchlist based on the false, misunderstood, or fabricated statements of others. Since then I have continuously suffered conspicuous surveillance, harassment, business dealings interference, hacking, poisoning, attempted murder, and treasonous acts against the plaintiff and the country. From the period of September 2024 the FBI (which I have decided not to name in this suit) along with the CIA, US Army Intelligence, and likely the NSA as well as other departments, engaged in a pattern of corrupt activity sufficiently reaching the definitions for the RICO Act. The defendants operated a corrupt criminal enterprise that sought to benefit off of the death of another individual, using huge amounts of taxpayer money to fund this corrupt and mischievous operation against the plaintiff,

2

who is innocent. This abuse continues to this day and has included numerous attempts on my life including poisoning with weapons of mass destruction.

*Id.* Plaintiff alleges "[t]he diseases that they poisoned me with caused irreversible brain damage, loss of vision, loss of cognition, emotional trauma, PTSD. loss of coordination, thousands spent on medications, loss of work. 2 near death experiences. Thousands wasted in travel attempting to flee danger. Damage to vital organs and nerve systems." *Id.* at 6. In addition to $13 million in damages, Plaintiff requests the Court "issue an injunction barring the defendants from stalking, harassing and interfering with plaintiffs [sic] life. Furthermore the plaintiff asks to be placed into the Federal Witness Protection Program for safety reasons and the continuous merciless attacks on my life including attempted murder." *Id.* at 7.

### III.   IN FORMA PAUPERIS APPLICATION

A district court may authorize the start of a civil action in forma pauperis if the court is satisfied the would-be plaintiff cannot pay the filling fees required to pursue the lawsuit. *See* 28 U.S.C. § 1915(a)(1). Plaintiff submitted the required documentation demonstrating an inability to pay the costs of this action, and it is evident from the application that his assets and income are insufficient to enable payment of the fees. Accordingly, the Court **GRANTS** Plaintiff's application.

### IV.   SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(e)(2)

**A.   Legal Standard**

A court must dismiss an in forma pauperis complaint before service of process if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(i)-(iii). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted). As such, the complaint must allege facts that plausibly establish each defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

3

1 reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,
2 556 U.S. 662, 678 (2009). In making this determination, the Court must "take as true all
3 allegations of material fact stated in the complaint and construe them in the light most favorable to
4 the plaintiff." *Watison*, 668 F.3d at 1112 (citation omitted). The Court must also "construe a pro
5 se plaintiff's pleadings liberally and afford the petitioner the benefit of any doubt." *Id.* (cleaned
6 up). However, the Court "may not supply essential elements of the claim that were not initially
7 pled." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

8     A complaint must also comply with Federal Rule of Civil Procedure 8, which requires the
9 complaint to contain "a short and plain statement of the claim showing that the pleader is entitled
10 to relief." Fed. R. Civ. P. 8(a)(2). The failure to comply with Rule 8 is a basis for dismissal that is
11 not dependent on whether the complaint is without merit. *McHenry v. Renne*, 84 F.3d 1172, 1179
12 (9th Cir. 1996). Accordingly, even claims which are not on their face subject to dismissal under
13 Rule 12(b)(6) may still be dismissed for violating Rule 8(a). *Id.*

14 **B.     Application**

15     The undersigned finds Plaintiff's claims are subject to dismissal because they are brought
16 under federal criminal statutes, and it is well-established that "a private citizen lacks a judicially
17 cognizable interest in the prosecution or non-prosecution of another." *Linda R.S. v. Richard D.*,
18 410 U.S. 614, 619 (1973); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) ("These
19 criminal provisions, however, provide no basis for civil liability."); *Redmond v. United States*,
20 2022 WL 1304472, at *3 (N.D. Cal. May 2, 2022) (A "private individuals lack standing to assert
21 claims for relief based on criminal statutes.") (collecting cases). Thus, "[i]ndividuals cannot file
22 criminal charges in the United States District Court. Rather, criminal proceedings in federal court
23 are initiated by the government, usually through the United States Attorney's Office." *Candy-*
24 *Anh-Thu:Tran v. Daniel*, 2017 WL 6513414, at *2 (N.D. Cal. Dec. 20, 2017) (citing *Harbor v.*
25 *Kim*, 2017 WL 443164, at *4 (C.D. Cal. Jan. 31, 2017) ("The decision to institute criminal
26 proceedings lies within the discretion of the proper state or federal prosecuting authority"); *see*
27 *also United States v. Nixon*, 418 U.S. 683, 693 (1974) (observing that the executive branch has
28 "exclusive authority and absolute discretion to decide whether to prosecute a case"). As such,

Plaintiff lacks standing to bring the claims alleged in his complaint. *See Aldabe*, 616 F.2d at 1092. If Plaintiff believes the defendants engaged in criminal conduct, he must contact federal law enforcement or the United States Attorney's Office and present the facts supporting that belief to them.

Beyond the nature of Plaintiff's claims, the undersigned finds Plaintiff's complaint should be dismissed because it is frivolous. "'A complaint . . . is frivolous where it lacks an arguable basis either in law or in fact.'" *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). The definition of frivolousness "embraces not only the arguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325. When determining whether to dismiss a complaint as "frivolous" under 28 U.S.C. § 1915(e)(2)(B)(i), the court has " 'the unusual power to pierce the veil of the complaint's factual allegations,'" meaning it "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32 (quoting *Neitzke*, 490 U.S. at 327). Frivolous claims include "'claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" *Id.* (quoting *Neitzke*, 490 U.S. at 328). "An in forma pauperis complaint may not be dismissed . . . simply because the court finds the plaintiff's allegations unlikely." *Id.* at 33. But "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* As the Ninth Circuit has explained, frivolous litigation "is not limited to cases in which a legal claim is entirely without merit . . . . [A] person with a measured legitimate claim may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1060–61 (9th Cir. 2007).

Plaintiff alleges the CIA, US Army Intelligence and Security, Alameda Police Department, and FBI engaged in "conspicuous surveillance, harassment, business dealings interference, hacking, poisoning, attempted murder, and treasonous acts against the plaintiff and the country," including murder for hire plots against him in California, Ohio, the United Kingdom, and Turkey. Plaintiff describes a "Taenia Solium infection via Taco Bell food poisoned by federal officials

likely through bribes at the drive through," "Onchocerciasis infecting fly bites," which resulted "in bites which transmitted deadly pathogens including Schistosomiasis and Nacgcria Fowleri Cysts and Trophozoites, and "vicious gangstalking, harassment, slander, smear campaigns, and manipulation of employment." The undersigned finds "[t]hese allegations fall further out on the spectrum past implausible and toward the delusional, and the undersigned finds that they are frivolous." *Spitters v. Miceli*, 2018 WL 6816110, at *5 (N.D. Cal. Sept. 24, 2018), *report and recommendation adopted*, 2018 WL 6822626 (N.D. Cal. Oct. 15, 2018) (dismissing as frivolous complaint where plaintiff alleged, among other things that defendant was a super-spy and an assassin who was using a fabricated identity to "get at" him). Additionally, these allegations fail to state a claim. A plaintiff's "'shotgun' pleading that does not give a defendant fair notice of what a plaintiff is claiming against him is subject to dismissal." *Spitters*, 2018 WL 6816110, at *5 (citing *Hughey v. Camacho*, 2014 WL 5473184, at *4 (E.D. Cal. Oct. 23, 2014). Plaintiff's complaint does not put defendants on fair notice of what he is claiming against them.

Therefore, because Plaintiff's complaint is frivolous and fails to state a claim, the undersigned recommends his complaint be dismissed

## V.   CONCLUSION

Based on the analysis above, the Court **GRANTS** the application to proceed in forma pauperis. As not all parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c), the Clerk of Court shall **REASSIGN** this case to a district judge, with the recommendation that the complaint be **DISMISSED WITHOUT LEAVE TO AMEND**.

Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to this Report and Recommendation within 14 days after being served. Failure to file objections within the specified time may waive the right to appeal the district court's order.

**IT IS SO ORDERED AND RECOMMENDED.**

Dated: August 6, 2025

_____
THOMAS S. HIXSON
United States Magistrate Judge